IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dominic Javon Gilbert, ) | C/A No. 6:24-cv-03912-JDA-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Quandara Grant, Latasha Robinson, ) | |
| Castran Aiken, Edwin Aiken, ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

The plaintiff, while a pretrial detainee[2], proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on July 11, 2024 (doc. 1). By order filed August 8, 2024, the plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 12). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (*id*. at 8–9). On August 26,

---

[1] This caption has been updated to represent the current parties to this action, as set forth in the plaintiff's amended complaint (doc. 15).

[2] The plaintiff has recently updated his address and indicated that he is no longer detained at the Detention Center (doc. 23).

2024, the plaintiff filed an amended complaint (doc. 15). Having reviewed the plaintiff's amended complaint, the undersigned is of the opinion that the plaintiff's retaliation claim against defendant Ms. Grant is sufficient to survive screening, and service will be recommended as to Ms. Grant on that claim. However, the remainder of the plaintiff's claims in the amended complaint fail to state a claim upon which relief may be granted; thus, they are subject to summary dismissal as outlined below.

## **ALLEGATIONS**

The plaintiff, a pretrial detainee at the Beaufort County Detention Center (the "Detention Center") filed this action seeking money damages from the defendants (doc. 15). Of note, the plaintiff has another action pending in this court regarding his time in the Detention Center, and Ms. Grant and Ms. Aiken are defendants in that case as well.[3] *See Gilbert v. Aiken*, *et al*., C/A No. 6:23-cv-05256-JDA-KFM (D.S.C.) (hereinafter "Case Number 1").

In the instant action, the plaintiff alleges violations of his First and Fourteenth Amendment rights because he was denied access to the court and was denied access to his legal mail (*id*. at 5). The plaintiff alleges that in March, Lt. Aiken (Ms. Aiken's husband) started being rude to the plaintiff (by not responding when the plaintiff would say hello) (*id*. at 6–7, 13). The plaintiff alleges that on April 9, 2024, Mr. Gillian delivered legal mail to the plaintiff that had been opened (*id*. at 7–8). The plaintiff contends that pages were missing from the mailing and the plaintiff alleges that when he asked Ofc. Young about the missing pages, Ofc. Young indicated that the pages may be in his property, but they were not (*id*. at 7–8). The plaintiff then complained about the opened legal mail to Ms. Grant and she indicated that she would investigate what happened, but did not respond back to the plaintiff

---

[3] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

2

(*id*. at 8). In April 2024, Ms. Aiken brought the plaintiff legal mail that was cut open and was dated as received by the Detention Center two weeks prior (*id*.). The plaintiff was told that the mail was originally placed in his property because he was on lock up, but alleges that he had not been on lock up (*id*.). The plaintiff complained about the delayed mail and was told an investigation would be done, but the plaintiff contends that he was never updated about the investigation (*id*.). The plaintiff then complained to Ms. Grant about the problems with the legal mail (among other issues), but Ms. Grant ignored his grievances (saying he was writing too many) about the mail, problems with the kitchen, and his dirty sheets (*id*. at 8–9). Ms. Aiken also told other detainees that the plaintiff was a troublemaker and to avoid him (*id*. at 9). Ms. Grant then indicated the plaintiff's legal mail was opened in error and that the staff member involved had been re-educated, but the plaintiff contends that was a lie (*id*.). The plaintiff alleges that all legal mail is reviewed by Ms. Grant, Ms. Robinson, and Ms. Aiken (*id*. at 9–10).

The plaintiff also alleges that he wrote a motion in March 2024 to amend his complaint in Case Number 1 to add Ms. Grant as a defendant (*id*. at 10). The plaintiff contends that Ms. Aiken informed Ms. Grant and the other defendants and they retaliated by destroying and delaying his legal mail (*id*. at 10). The plaintiff also contends that he tried to send legal mail in June 2024, but it was returned to him for additional postage (which he added) and then returned a second time for additional postage even though none was needed (*id*. at 10–11). The plaintiff contends that mail was never actually sent (*id*. at 11). The plaintiff contends that the defendants are in charge at the Detention Center and have acted to retaliate against him (*id*. at 11–12). He further contends that when another detainee's legal mail was opened outside of his presence the staff member was suspended even though the person responsible for opening his legal mail was not suspended (*id*. at 12). The plaintiff also alleges that the defendants did not properly train Detention Center employees (*id*.).

3

The plaintiff's injuries include emotional distress (*id*. at 13). For relief, the plaintiff seeks money damages (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, when this case was filed, the plaintiff was a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. However, the plaintiff's amended complaint (other than his retaliation claim against Ms. Grant) is subject to summary dismissal. As an initial matter, the plaintiff has failed to allege a constitutionally cognizable injury with respect to the majority of his claims because he only alleges mental anguish and emotional distress, and there is no federal constitutional right to be free from emotional distress, mental anguish, or psychological stress. *See Williams v. Pruitt*, C/A No. 8:13-cv-01812-JMC, 2013 WL 4500436, at *2 n.2 (D.S.C. Aug. 19, 2013) (citing *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161 (5th Cir. 1985), *cert denied*, 480 U.S. 916 (1987); *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989)). Although the lack of a cognizable injury is fatal to most of the plaintiff's claims, the undersigned will address additional pleading deficiencies with respect to each remaining claim asserted by the plaintiff (other than his retaliation claim against Ms. Grant).

**Verbal Abuse Claim**

Liberally construed, the plaintiff alleges that his rights have been violated because Lt. Aiken has been rude to him and Ms. Aiken told other detainees that he was a troublemaker (doc. 15 at 6–7, 9, 10–11). However, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983". *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Morrison v. Martin*, 755 F.Supp. 683, 687 (E.D.N.C. 1990), *aff'd* 917 F.2d 1302 (4th Cir. 1990) (noting that "[w]ords by themselves do not state a constitutional claim,

5

without regard to their nature" (internal citation omitted)).  As such, the plaintiff has failed to state a claim regarding rude treatment by Lt. Aiken or being called a troublemaker by Ms. Aiken.

**Mail Interference Claims**

The plaintiff's mail interference claims – that his mail was delayed and two pieces of legal mail were opened outside of his presence (doc. 15 at 7–11) – are subject to summary dismissal.  Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).  As such, interference with an inmate's mail may state a cognizable claim under § 1983.  *Id*.; *see Corey v. Reich*, C/A No. 0:02-2801-12, 2004 WL 3090234, at *10 (D.S.C. Mar. 9, 2004) (internal citation omitted). Nevertheless, the Supreme Court has recognized that prisoners only retain First Amendment rights not "inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (alteration in original) (internal citation and quotation marks omitted).  Here, the plaintiff's claims fail because he has not alleged that an actionable injury by the delayed mail, as his only alleged injury is emotional distress (*see* doc. 15 at 13).  Further, the plaintiff vaguely alleges that the defendants destroyed his legal mail, but has not identified which mail from Case Number 1 was destroyed (*see* doc. 15 at 11–12).  Moreover, an occasional, negligent delay or interference with personal (or legal) mail, without more, does not impose a deprivation of Constitutional proportions.  *See Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003), *aff'd* 88 F. App'x 639 (4th Cir. 2004). Additionally, the plaintiff concedes that the defendants indicated that retraining had occurred based on the inadvertent opening of his legal mail and although he claims this was a lie, he has not alleged that additional legal mail has been delivered opened or delayed since the two incidents.  As such, the plaintiff has failed to state a plausible mail interference claim.

The plaintiff cannot save his mail interference claim by alleging that he was denied access to the court based on the delayed receipt of legal mail. As an initial matter, pretrial detainees, temporarily held in a county facility while awaiting trial, do not have a constitutional right to a law library, as the Constitution guarantees a right to reasonable access to the courts, not to legal research or a law library. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Additionally, a claim for denial of access to the courts must be pled with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Further, in order to state a constitutional claim for denial of access to the courts, a prisoner must show actual injury. *Id.*; *see Lewis*, 518 U.S. at 349. The actual injury requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court. *Lewis*, 518 U.S. at 352–53. Here, the plaintiff's only alleged injury is emotional distress – with no allegations that a non-frivolous legal claim was frustrated or impeded by deprivation of access to the court (doc. 15 at 13). Further, a review of the docket in Case Number 1 belies the plaintiff's assertion that his legal mail has been destroyed or that he has been denied access to the court. *See Gilbert v. Aiken, et al.*, C/A No. 6:23-cv-05256-JDA-KFM. Additionally, the plaintiff's prompt filing of proposed service documents in response to the proper order in this case (received by the court seven days after the order was filed) as well as the submission of an amended complaint undermine his assertion that he has been denied access to the court. As such, the plaintiff's denial of access to the courts and mail interference claims are subject to summary dismissal.

**Supervisory Liability Claim**

Although somewhat unclear, it appears that the plaintiff asserts supervisory liability against the defendants, asserting that they have failed to train other Detention Center staff (doc. 15 at 12). However, the doctrines of vicarious liability and *respondeat superior* are generally not applicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) s("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability" (emphasis in original)). Indeed, to allege a plausible claim requires a showing that the supervisor (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff. *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Here, the plaintiff's amended complaint alleges only that the defendants were in charge of the Detention Center and failed to train their staff (doc. 15 at 12). The plaintiff's vague allegations do not meet the elemental threshold set out above. Further, the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (quoting *Iqbal*, 556 U.S. at 678). Thus, even as amended, the plaintiff's supervisory liability claim fails. *See Ford v. Stirling*, C/A No. 2:17-02390-MGL, 2017 WL 4803648, at *2 (D.S.C. Oct. 25, 2017); *London v. Maier*, C/A No. 0:10-00434-RBH, 2010 WL 1428832, at *2 (D.S.C. Apr. 7, 2010).

**Retaliation Claim**

The plaintiff appears to assert that the problems with his legal mail were also the result of retaliation by the defendants (doc. 15 at 10, 12). As noted above, the plaintiff's retaliation claim against Ms. Grant is sufficient to survive initial review, and service will be recommended as to that claim. However, the plaintiff's retaliation claim against the remaining defendants is subject to summary dismissal. Where a plaintiff alleges that an act

was taken in response to the exercise of a constitutionally protected First Amendment right, the plaintiff must allege that (1) he engaged in "protected First Amendment activity, (2) [the defendant] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and [the defendant's] conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)). Because conduct that "tends to chill the exercise of constitutional rights might not itself deprive such rights," a plaintiff can plausibly allege a retaliation claim without alleging an actual deprivation of his First Amendment rights. *Constantine*, 411 F.3d at 500. With respect to causation, a plaintiff must plausibly allege knowledge by the defendant of a plaintiff's protected activity as well as that the retaliation took place within some "temporal proximity" of that activity. *Id.* at 501; *see Germain v. Bishop*, C/A No. TDC-15-1421, 2018 WL 1453336, at *14 (D. Md. Mar. 23, 2018). A prisoner must present more than conclusory accusations of retaliation, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation. *See e.g.*, *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996).

Here, applicable to defendants Ms. Robinson, Ms. Aiken, and Lt. Aiken, the plaintiff alleges engagement in protected activity when he filed Case Number 1 and later filed an amended complaint alleging claims against Ms. Grant (*see* doc. 15 at 10, 12). The plaintiff contends that after engaging in this protected activity, at the end of March and in April, he then had mail opened outside of his presence on two occasions and had mail from the court destroyed (*id.*). As an initial matter, the plaintiff's passing reference to alleged destroyed mail by Ms. Robinson, Ms. Aiken, or Lt. Aiken relies on his assumption that he had legal mail destroyed – and he has proffered no factual allegations to support his assertion that he had legal mail destroyed. Further, a review of the docket in Case Number

9

1 reveals that the plaintiff had several documents mailed to him by the Court requiring prompt responses and he did not miss any response deadlines, further undermining his assertion that unspecified legal mail was destroyed. *Gilbert*, C/A No. 6:23-cv-05256-JDA-KFM, at docs. 30; 33; 35; 36; 45; 47; 53. As such, the plaintiff's conclusory assertion that he had legal mail destroyed does not provide a basis for his retaliation claim. Because the plaintiff also asserts that the two instances of legal mail being opened outside of his presence and/or delayed were also retaliatory acts, the undersigned will address his retaliation claim as to these defendants with respect to that alleged retaliatory act. Even presuming that legal mail was opened outside of the plaintiff's presence, the plaintiff has not alleged a plausible retaliation claim against these defendants. For example, the plaintiff has not alleged causation between his engagement in protected activity and the retaliatory mail interference. For example, with respect to the protected activity of filing Case Number 1 – in which Ms. Aiken was named as a defendant from the original filing, that case was entered on the docket on October 19, 2023, well before the alleged retaliatory mail interference. *Gilbert*, C/A No. 6:23-cv-05256-JDA-KFM, at doc. 1. Further, the plaintiff's assertion that all of the defendants engaged in the mail interference fails because the plaintiff has proffered no plausible allegations of retaliation by defendants Ms. Robinson, Ms. Aiken, or Lt. Aiken; he has only asserted that the four defendants named in this action review all legal mail for the Detention Center and assumes that these defendants must have been involved in the mail interference. *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. Mar. 2, 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff). Indeed, the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Griffith*, 2012 WL 2048200, at *1 (quoting *Iqbal*, 556

U.S. at 678). Thus, the plaintiff's retaliation claim against Ms. Robinson, Ms. Aiken, and Lt. Aiken fails to state a claim for relief and should be dismissed.

**Grievance Claim**

In his amended complaint, the plaintiff also alleges violations of his rights because his grievances have been wrongfully denied or ignored (doc. 15 at 8–9). "[I]t is well settled that inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated." *Rivera v. Leonard*, C/A No. 5:15-cv-01191-DCN, 2016 WL 3364905, at *4 (D.S.C. June 17, 2016), *aff'd*, 672 F. App'x 262 (4th Cir. 2016), *cert. denied* 583 U.S. 845 (2017). Further, because "inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim." *Doans v. Rice*, 831 F.2d 1057, 1987 WL 38813 (4th Cir. 1987) (unpublished table decision). As such, the plaintiff's claim that his grievances have been ignored or improperly denied is subject to summary dismissal.

### **RECOMMENDATION**

By order issued August 8, 2024, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment for failure to state a claim. Despite filing an amended complaint, the plaintiff has not cured the deficiencies identified in the order dated August 8, 2024 (except for his retaliation claim against Ms. Grant which has been recommended for service) (doc. 12). Therefore, the undersigned recommends that the district court dismiss this action *with prejudice* (other than the retaliation claim against Ms. Grant), without further leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district

court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the following page**.

      **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

October 30, 2024
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).