IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dominic Javon Gilbert,<br><br>      Plaintiff,<br><br> vs.<br><br>Quandara Grant,<br><br>      Defendant. | C.A. No. 6:24-cv-3912-JDA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The plaintiff, who is proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights while he was a pretrial detainee in the Beaufort County Detention Center. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

    On March 10, 2025, the defendant[1] filed a motion for summary judgment (doc. 45). On March 11, 2025, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 48). The plaintiff did not file a response to the motion.

    As the plaintiff is proceeding *pro se*, the court filed a second order on April 22, 2025, giving the plaintiff through May 12, 2025, to file his response to the motion for

---

[1] The plaintiff alleged claims against additional defendants in his amended complaint (doc. 15). However, service was authorized only on the plaintiff's retaliation claim against defendant Grant (doc. 29), and all other claims were dismissed *with prejudice* and without issuance and service of process by the district court on December 2, 2024 (docs. 30, 35).

summary judgment (doc. 53). The plaintiff was specifically advised that if he failed to respond, the undersigned would recommend that the district court dismiss this action for failure to prosecute. The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *Id.* at 95–96 (citation omitted).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendant is left to wonder when the action will be resolved. The plaintiff has not responded to the defendant's motion for summary judgment or the court's orders requiring him to respond. Accordingly, the

2

undersigned concludes the plaintiff has abandoned this lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). The Clerk of Court shall immediately mail this report to the plaintiff. If the plaintiff notifies the court within the time set forth for filing objections to this report that he wishes to continue with this case and complies with the court's prior orders, the Clerk of Court is directed to vacate this report and return this case to the undersigned for further handling. If, however, the plaintiff does not file objections or a response to the motion for summary judgment, the Clerk of Court shall forward this report to the district court for disposition. Should the district court adopt this recommendation, the defendant's motion for summary judgment (doc. 45) will be rendered moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

May 20, 2025
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).