IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dominic Javon Gilbert, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Quandara Grant, *Beaufort County* ) <br> *Detention Center, in their individual* ) <br> *and official capacity*, ) <br> ) <br> Defendant. ) | Case No. 6:24-cv-03912-JDA <br><br> **OPINION AND ORDER** |

This matter is before the Court on Defendant's motion for summary judgment. [Doc. 45.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin McDonald for pre-trial proceedings.

Plaintiff's pro se Complaint was docketed on July 11, 2024, pursuant to 42 U.S.C. § 1983, and an Amended Complaint was docketed on August 26, 2024. [Docs. 1; 15.] On December 2, 2024, this Court dismissed all of Plaintiff's claims except his retaliation claim against the remaining Defendant.* [Doc. 35; *see* Doc. 30.]

On March 10, 2025, Defendant filed a motion for summary judgment. [Doc. 45.] The next day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. [Doc. 48.] Plaintiff did not file a response to the motion.

---

* The Amended Complaint named additional Defendants. [Doc. 15.]

Because Plaintiff is proceeding pro se, the Court filed a second Order on April 22, 2025, allowing Plaintiff through May 12, 2025, to file his response to the summary judgment motion. [Doc. 53.] He was specifically warned that if he failed to respond, the Magistrate Judge would recommend that the Court dismiss this action with prejudice for failure to prosecute. [*Id.* at 2.] Again, Plaintiff did not respond.

On May 20, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the matter be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and that Defendant's summary judgment motion be found as moot. [Doc. 57.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 4.] Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice for failure to prosecute, and Defendant's motion for summary judgment [Doc. 45] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 17, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.